UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LaToya K. Benton, Administrator of the Estate of Xzavier D. Hill, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:22-cv-225-HEH ) |
| Seth W. Layton, individually and in his official capacity as a state trooper for the Virginia State Police, *et al.* | ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

The Defendants, Trooper Seth W. Layton and Trooper Benjamin I. Bone ("Defendants"), by counsel, hereby submit their Answer in response to Plaintiff's Amended Complaint, ECF No. 10. They state the following:

1. The allegations contained in paragraph 1 of the Amended Complaint constitutes only a legal conclusion to which no response is required; to the extent that this Court requires a response, those allegations are denied.

2. Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

3. The allegations contained in paragraph 3 assert only legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

4. The Amended Complaint contains no paragraph 4.

5. The allegations contained in paragraph 5 assert only legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

1

6. The allegations contained in paragraph 6 assert only legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

7. The allegations contained in paragraph 7 constitute legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

8. The allegations contained in paragraph 8 constitute legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

9. The allegations contained in paragraph 9 constitute legal conclusions to which no response is required; to the extent this Court requires a response, those allegations are denied.

10. In response to paragraph 10, Defendants admit the factual allegations contained therein.. To the extent that these paragraphs assert legal conclusions, those conclusions are denied.

11. In response to paragraph 11, Defendants admit the factual allegations contained therein. To the extent that these paragraphs assert legal conclusions, those conclusions are denied.

12. In response to paragraph 12, Defendants admit the factual allegations contained therein. To the extent that these paragraphs assert legal conclusions, those conclusions are denied.

13. In response to paragraph 13, Defendants admit the factual allegations contained therein. To the extent that these paragraphs assert legal conclusions, those conclusions are denied.

14. In response to paragraph 14, Defendants admit the factual allegations contained therein. To the extent that these paragraphs assert legal conclusions, those conclusions are denied.

15. The Amended Complaint contains no paragraph 15.

16. In response to paragraph 16, Defendants deny the allegations contained therein.

17. In response to paragraph 17, Defendants admit that at all relevant times, they were employees of the Virginia State Police. The Defendants deny the remainder of the factual allegations contained in paragraph 17.

18. In response to paragraph 18, Defendants admit that they encountered Mr. Hill on the morning of January 9, 2021 while they were monitoring traffic speed. They additionally admit that they clocked Mr. Hill's vehicle traveling at a speed of 96 miles per-hour in a 65 mile-per-hour zone, and that they began to follow him prior to activating their vehicle's sirens in an effort to observe possible indicia of drunk driving.

19. In response to the duplicate paragraph 18, Defendants admit that Mr. Hill began to accelerate beyond his initial cruising speed of 96 miles per hour. They deny that "there is no record of his actual speed." They admit that they activated their vehicle's siren.

20. In response to paragraph 19, Defendants deny that Mr. Hill "came to a complete stop" before making an evasive U-turn. Defendants admit that Mr. Hill's evasive U-turn maneuver resulted in his vehicle becoming stuck. Defendants admit that they exited their vehicles and immediately thereupon drew their weapons in response to Mr. Hill's continued escalating and evasive behavior. The Defendants deny that they gave "17 various commands" to Hill. Defendants deny that Mr. Hill "attempt[ed] to follow" their verbal commands. Defendants admit that in response to their verbal commands to "Put your hands up!" and "Put your hands out of the window!", Mr. Hill responded only that "My door doesn't open." Defendants deny any other allegations in paragraph 19 not expressly admitted herein.

3

21. In response to paragraph 21, Defendants admit that they initially saw Mr. Hill reaching, and verbally confirmed the same. A split-second thereafter, they identified that he was reaching for a gun. Defendants likewise admit that they discharged their firearms and killed Mr. Hill in response to his pointing a handgun at Trooper Layton. Defendants deny the remainder of the allegations in paragraph 21.

22. In response to paragraph 22, Defendants deny the allegations contained therein.

23. In response to paragraph 23, Defendants deny the allegations contained therein.

24. The Amended Complaint contains no paragraph 24.

25. The Amended Complaint contains no paragraph 25.

26. In response to paragraph 26, Defendants deny the allegations contained therein.

27. In response to paragraph 27, Defendants deny the allegations contained therein.

28. In response to paragraph 28, Defendants deny the allegations contained therein.

29. In response to paragraph 29, Defendants deny the allegations contained therein.

30. The Amended Complaint contains no paragraph numbered 30.

31. The Amended Complaint contains no paragraph 31.

32. The Amended Complaint contains no paragraph 32.

33. The Amended Complaint contains no paragraph 33.

34. The Amended Complaint contains no paragraph 34.

35. The Amended Complaint contains no paragraph 35.

36. In response to paragraph 36, Defendants deny the allegations contained therein.

37. In response to paragraph 37, Defendants deny the allegations contained therein affirmatively aver that on January 9, 2021, Mr. Hill caused his own death when he engaged in a pattern of escalating dangerous behavior, including, but not limited to, engaging in a high-speed

chase with Virginia law enforcement officers and pointing a stolen handgun at one of the officers.

38. In response to paragraph 38, Defendants deny the allegations contained therein.

39. In response to paragraph 39, Defendants deny the allegations contained therein.

40. The Amended Complaint contains no paragraph 40.

41. In response to paragraph 41, Defendants deny the allegations contained therein.

42. In response to paragraph 42, Defendants deny the allegations contained therein.

43. In response to paragraph 43, Defendants deny the allegations contained therein.

44. The Amended Complaint does not contain a paragraph 44.

45. In response to paragraph 45, Defendants deny the allegations contained therein.

46. The Amended Complaint does not contain a paragraph 46.

47. The Amended Complaint does not contain a paragraph 47.

## COUNT I

48. Defendants incorporate by reference their responses to the previous paragraphs as if set forth in full.

49. Paragraph 49 contains a legal conclusion to which no response is required.

50. In response to paragraph 50, Defendants deny the allegations contained therein.

51. In response to paragraph 51, Defendants deny the allegations contained therein.

52. In response to paragraph 52, Defendants admit they were acting as employees of the Virginia State Police.

53. In response to paragraph 53, Defendants deny the allegations contained therein.

54. In response to paragraph 54, Defendants deny the allegations contained therein.

55. The Amended Complaint does not contain a paragraph 55.

56. The Amended Complaint does not contain a paragraph 56.

## COUNT II

57. Defendants' responses to the previous paragraphs are incorporated by reference as if set forth in full.

58-79. Count II of the Amended Complaint (paragraphs labeled 58 through 79) pertains only to the Virginia State Police, which this Court has dismissed as a defendant. No response, therefore, is required. To the extent that these paragraphs assert any factual allegations against the Defendants, those allegations are denied.

## COUNT III

80. The Amended Complaint contains no paragraph 80.

81. The Amended Complaint contains no paragraph 81.

82. The Amended Complaint contains no paragraph 82.

83. Defendants incorporate by reference their responses to the previous paragraphs as set forth in full.

84. Paragraph 84 asserts only a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

85. Paragraph 85 asserts only a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

86. Paragraph 86 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

87. Paragraph 87 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

88. Paragraph 87 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

89. Paragraph 89 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

90. Paragraph 90 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

## COUNT IV

91. Defendants' incorporate by reference their responses to the previous paragraphs as if set forth in full.

92. Paragraph 92 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

93. Paragraph 93 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

94. Paragraph 94 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

95. Paragraph 95 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

96. Paragraph 96 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

97. Paragraph 97 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

## COUNT V

98. Defendants' incorporate by reference their responses to the previous paragraphs as if set forth in full.

99. Paragraph 99 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

100. Paragraph 100 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

101. Paragraph 101 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

## COUNT VI

102. Defendants' incorporate by reference their responses to the previous paragraphs as if set forth in full.

103. Paragraph 103 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

104. Paragraph 104 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

105. Paragraph 105 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

106. Paragraph 106 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

107. Paragraph 107 asserts only legal conclusions to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT VII

108. Defendants' incorporate by reference their responses to the previous paragraphs as if set forth in full.

109. Paragraph 109 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

110. Paragraph 110 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

111. Paragraph 111 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

112. Paragraph 112 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

113. Paragraph 113 asserts only legal conclusions to which no response is required. To the extent a response is required, the allegation is denied.

114. Defendants deny any factual allegations not expressly admitted herein and deny that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendants assert that any and all acts of the Defendants of which Plaintiff complains were at all times constitutional, lawful, and supported by, as applicable, reasonable suspicion, probable cause, and proportionality.

2. Defendants assert that Mr. Hill suffered no violation of any constitutional right under the United States Constitution.

3. Defendants are entitled to qualified immunity.

4. Defendants' acts were justified and are legally excused.

5. Defendants acted in good faith.

6. Defendants deny that Plaintiff has sustained any damages, compensatory and punitive, as alleged and demand strict proof of any such damages.

7., Defendants reserve the right to amend their responses in this Answer and to set forth any additional defenses which may come to light or otherwise reveal themselves in the course of litigation, including during discovery and at trial.

        Respectfully submitted,

        SETH W. LAYTON and
        BENJAMIN I. BONE
        By: */s/ Robert B. McEntee, III*
                Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/
Trial Section Chief

Robert B. McEntee, III (VSB No. 89390)*
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: 804-786-8198
Facsimile: 804-371-2087
rmcenteeiii@oag.state.va.us
*Counsel of record for the Defendants*

## **CERTIFCATE OF SERVICE**

I hereby certify that on this September 26, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system.

I hereby certify that on September 27, 2022 I will mail the foregoing via U.S. Mail to the following non-filing user:

Latoya K. Benton
12563 Summit Manor Dr
Apt 519
Fairfax, VA 22033


/s/ Robert B. McEntee, III
Robert B. McEntee, III
Virginia State Bar No. 89390
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-8198
Fax: (804) 371-2087
rmcenteeiii@oag.state.va.us
*Counsel for the Defendants*