UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LaToya K. Benton, Administrator of the Estate of Xzavier D. Hill, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:22-cv-225-HEH ) |
| Seth W. Layton, individually and in his official capacity as a state trooper for the Virginia State Police, *et al.* | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL

The Defendants, by counsel and pursuant to Federal Rule 37(a)(3)(B) and Local Rule 37, move this Court to Compel the Plaintiff to make Discovery as requested by the Defendants. They state the following in support of their Motion:

## FACTS

Defendants, by counsel, served their first interrogatories and requests for production of documents on Plaintiff on November 3, 2022. Exhibit A. Counsel for Plaintiff entered her Notice of Appearance on the following day. (ECF No. 28). On November 17, Plaintiff's counsel e-mailed her objections to Defendants discovery requests. Exhibit B. Notably, in response to seventeen separate requests, Plaintiff objected to providing any response on the basis of attorney-client privilege and work-product doctrine. *See id.* Plaintiff failed to provide any privilege log or description of the information that would be withheld from her responses, in clear violation of Rule 26(b)(5)(A). Accordingly, by way of correspondence, Defendants informed Plaintiff that

1

without any privilege log, Plaintiff was obscuring what she was withholding. Exhibit C. Plaintiff declined to respond to this correspondence. *See* e-mail correspondence attached as Exhibit D.

On December 2, Plaintiff responded to Defendants' discovery requests, abandoning fifteen of her seventeen objections as to attorney work product. Exhibit E. Nevertheless, she maintained her objections as to attorney work product in response to Defendants fifth and twelfth interrogatories, while failing to produce any log or description of the withheld information. *See id.* at 3, 6. Further, Plaintiff failed to swear out her answers to Defendants' interrogatories under oath, in violation of Rule 33(b)(3). Finally, Plaintiff failed to answer Defendants' sixth interrogatory which asked for her to identify all persons who have knowledge of the incident described in the Complaint. Plaintiff evasively responded that, because the incident had been broadcast publicly by media entities, she had no way of knowing every person who had knowledge of the facts of the Complaint. By way of correspondence, on December 13, Defendants notified Plaintiff that her answers to their discovery requests were deficient and offered to meet and confer. Exhibit F. With regards to interrogatory number 6, Defendants offered to limit the questions scope to persons "known" by the Plaintiff to have knowledge of the incident. *Id.* at 2. Plaintiff responded a week later, stating only that she intended to stand on her objections without any further elaboration or explanation as to why she could not provide a privilege log. Exhibit G. Defendants again pointed out that her answers remained deficient under the Federal Rules, and requested full, sworn answers by December 23. Exhibit H. Plaintiff never responded to this correspondence.

## **ARGUMENT**

Defendants ask the Court to 1) compel Plaintiff's production of the following certain materials withheld by her under a claim of attorney-client privilege, and/or attorney work

product, 2) compel Plaintiff to answer their sixth interrogatory in full, and 3) compel Plaintiff to provide sworn answers in response to the Defendants' interrogatories. In response to Defendants' fifth and twelfth interrogatories, Plaintiff has withheld answers and documents on the basis of general, copy-and-pasted objections as to attorney-client privilege and/or work product, but failed to produce a meaningful privilege log that adequately or sufficiently identify the apparently numerous documents withheld by the Plaintiff under such claim of privilege and/or work product. As the Honorable Judge Robert E. Payne recently opined:

> The principle problems with general objections are that (1) they reach so broadly that the requesting party cannot determine what is being answered or responded to and what is not; and (2) the generality obscures what the general objection is foreclosing from discovery. Thus, the general objection precludes meaningful negotiation in the meet and confer process . . . and it allows the producing party a degree of control over the discovery process not intended by the federal discovery rules . . . Those problems are exacerbated where, as here, there is a general objection on attorney-client and work product privilege.

*Spendlove v. RapidCourt, LLC*, 2019 U.S. Dist. LEXIS 220392, *8 (E.D. Va. 2019). These exact problems are present in this case, where Plaintiff has asserted general objections as to attorney-client and work product privilege but has not identified any withheld information pursuant to Fed. R. Civ. P. 26(b)(5). Plaintiff has likewise ignored her duty to fully respond to the Defendants' sixth interrogatory. As a result of Plaintiff's failure and refusal to make discovery, Defendants are unable to fully prepare for depositions and other methods of additional discovery necessary to prepare their case for trial, and otherwise available to the Defendants under the Rules. In particular and of pressing importance, the parties have tentatively agreed to depose Plaintiff on January 6, 2023. Without full, sworn answers to their discovery, Defendants can neither adequately prepare for nor undertake this deposition.

3

The below electronic signature constitutes Defendants' certification that before filing this Motion to Compel, they attempted to resolve all issues presented by Plaintiff's deficient Answers.

                                                    Respectfully submitted,

                                                    SETH W. LAYTON
                                                    BENJAMIN I. BONE

                                                    By: */s/ Robert B. McEntee, III*
                                                                  Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/
Trial Section Chief

Robert B. McEntee, III (VSB No. 89390)*
Calvin C. Brown (VSB No. 93192)*
Assistant Attorneys General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: 804-786-8198 (McEntee)
Telephone: 804-786-4933(Brown)
Facsimile: 804-371-2087
rmcenteeiii@oag.state.va.us
cbrown@oag.state.va.us
*Counsel for the Defendants*

## **CERTIFCATE OF SERVICE**

I hereby certify that on December 28, 2022 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Robert B. McEntee*
Robert B. McEntee, III (VSB No. 89390)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219