IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LATOYA K BENTON,**
**ADMINISTRATOR OF THE ESTATE OF**
**XZAVIER D. HILL, DECEASED,**

    **Plaintiffs,**

v.                                                Civil Action No. 3:22-cv-25 HEH

**SETH W. LAYTON,** *et al*

    **Defendants.**

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SUBSEQUENT INVESTIGATION REGARDING GUN AND CELL PHONE FOUND IN XZAVIER B. HILL'S VEHICLE

Plaintiff Latoya K. Benton, Administrator of the Estate of Xzavier D. Hill, Deceased, pursuant to Rules 401 and 403 of the Federal Rules of Civil Procedure, file a Motion in Limine to exclude evidence revealed from subsequent investigation regarding the gun and cell phone found in Xzavier D. Hill's vehicle and information taken from his cell phone after he was killed for reasons that are set forth in the Memorandum of Points and Authorities in Support thereof.

## FACTUAL BACKGROUND

On January 9, 2021, in the early morning hours Virginia State Police Trooper Seth Layton and Trooper Benjamin I. Bone were operating stationary radar monitoring westbound travel lanes of Interstate 64 near Route 288 interchange in Henrico County. During the radar monitoring, the Troopers clocked a vehicle traveling at an alleged speed of 96 miles per hour in a posted 65 miles per hour zone.

Trooper Layton pulled in behind the vehicle but did not turn on sirens and lights. The

Troopers followed the vehicle as it entered Goochland County, still westbound lanes of Interstate 64. The Troopers had no information from dispatch concerning the driver of the vehicle or the vehicle. The Troopers turn on the sirens and lights and a vehicle pursuit then began. The pursuit ended with the driver attempting to make a U-turn and the Mercedes became stuck and could not move.

Both Trooper Layton and Bone exited their patrol vehicle and approached the Mercedes with weapons pointed and both were yelling at the unknown black male driver, who was stuck in the immobile vehicle. Both Troopers approached the driver and gave him different commands.

Both Troopers fired their guns and killed Xzavier D. Hill. They then took One minute and thirty seconds to look for a gun in the vehicle. Xzavier D. Hill was thereafter pulled from the vehicle. The Troopers had no information about Xzavier D. Hill or the vehicle he was driver prior to approaching with guns drawn and shooting and killing him.

## **ARGUMENT**

I. **The Court should exclude any evidence gathered after the death of Xzavier B. Hill relating to the circumstances of How the came to Be in his possession of the Gun**

Defendants seek to solicit responses from Plaintiff regarding the gun that was allegedly found in the vehicle driven by Xzavier D. Hill. Interrogatory Number 5: "If you contend that Xzavier D. Hill lawfully possessed the 9-millimeter Smith & Wesson handgun found on the front passenger seat of his vehicle on January 9, 2021, identify every fact in your possession which supports that contention. Identify with particularity any facts which might tend to show the means by which he came to acquire the handgun." Page 3 of Interrogatories. Attached as Exhibit A. In Request for admissions Defendants solicit

admissions for information regarding the gun allegedly found in the vehicle driven by Xzavier d. Hill on January 9, 2021. "Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "stolen guns" made between January 6, and January 8, 2021. Request for Admissions Number 30, Page 10. Attachment B.

Plaintiff moves to exclude any evidence regarding the gun being stolen or any other reference that is not relevant to this case. Pursuant to Rule 401 of the Federal Rules of Evidence, Evidence is relevant if:

(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) The fact is of consequence in determining the action.

Information after the fact concerning, where the gun came from has no probative value because Troopers Layton and Bone had no information regarding the gun prior to shooting and killing Xzavier D. Hill. Probative value depends not only upon satisfying the basic requirement of relevancy as described above, but also upon the existence of some matter of fact. For example, if evidence of a spoken statement is relied upon to prove notice, probative value is lacking unless the person ought to be charged heard the statement. The same is presented with the gun that was allegedly found in Xzavier D. Hill's vehicle. The argument or presentation of evidence the gun was stolen (by Xzavier) is lacking in probative value because the troopers were not aware and in fact the gun was allegedly reported stolen hours after Xzavier D. Hill was shot and killed by the two troopers. If Defendants want to argue they should be allowed to somehow present such evidence, the Plaintiff would be allowed to demonstrate the evidence after the killing of Xzavier D. Hill that the gun had no clip and was incapable of being fired by Xzavier D.

Hill, a fact that was also unknown to the troopers.

Secondly, Defendants' evidence discovered after the killing of Xzavier D. Hill regarding the gun should be excluded because it is more prejudicial that probative in this case. Rule 403 of the Federal Rules of Evidence provide:

> The court may exclude relevant evidence if its probative value
> is substantially outweighed by a danger of one or more of the
> following: unfair prejudice, confusing the issues, misleading the jury,
> undue delay, wasting time, or needlessly presenting cumulative evidence.

Federal Rules of Evidence 403.

Should the court allow evidence regarding the gun potentially being stolen the jury could decide the issue on "Use of Excessive Force" based upon accusations that Xzavier committed a crime that has absolutely nothing to do with this case. It also allows the Defendants to excuse their behavior by blaming the victim and deflecting from their actions.

## II. The Court Should Exclude Evidence discovered from the Cell Phone Found in the Vehicle driven by Xzavier D. Hill after he was shot and killed By Trooper Layton and Trooper Bone

Troopers Layton and Bone want to present evidence gathered from a cell phone found in the vehicle driven by Xzavier D. Hill after they shot and killed him. The following Request for Admissions sent to Plaintiff to answer focus on "cell phone" allegedly found in the vehicle driven by Xzavier D. Hill on January 9, 2021:

> 18. Admit that forensic agents with the Virginia State Police recovered two Apple iPhones from Hill's vehicle.
>
> 24. Admit that the cell phones recovered from Mr. Hill's vehicle

Produced photographs showing Mr. Hill holding a pistol in his right hand.

25. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "ran from police and got away" made between January 6, and January 8, 2021.

26. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "ran from police and did not pursue" made between January 6 and January 8, 2021.

27. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "driving with lights off" made between January 6 and January 8, 2021.

28. Admit that the search history on one of the phones recovered from Mr. hill's vehicle revealed a search for "Smith and Wesson SD40" made between January 6 and January 8, 2021.

29. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "check gun serial number" made between January 6 and January 8, 2021.

30. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "stolen guns" made between January 6 and January 8, 2021.

31. Admit that the search history on one of the phones recovered from Mr. Hill's vehicle revealed a search for "Smith and Wesson teach you a lesson" made between January 6 and January 8, 2021.

Although a defendant has a constitutional right to present evidence and argument in

his favor, "a defendant's right to present a defense is not absolute."" *United States v. Light, 616 F.3d 321, 358 (4th Cir. 2010) (quoting United States v. Prince-Oyibo, 320 F. 3d 494, 501 (4th Cir.2003))*. "In presenting a defense, the accused 'must comply with established rules of procedure and evidence designed to assure both fairness and reliability...'" *United States v Jones, 742 F. Apex 710, 712 (4th Cir.) (per curiam) (quoting Chambers v. Mississippi, 410 U.S.284, 302 (1973)), cert, denied sub nom. Jones v. United States, 139 S. Ct. 578 (2018)*. Accordingly, criminal defendants neither have a right to present "evidence that the district court, in its discretion, deems irrelevant or immaterial.'" *Lighty, 616 F. 3d at 358 (quoting Prince-Oyibo, 320 F. 3d at 501)*, nor a right to present evidence that is relevant but unduly prejudicial, confusing, misleading, *see Fed R. Evid. 403.*

The evidence should be excluded that were derived from any phone retrieved from the vehicle driven by Xzavier D. Hill because it is not relevant and is only designed to paint a certain picture of the victim who is not here to defend himself. Defendants retrieved two cell phones and do not connect them to Xzavier D. Hill other than being found in his vehicle. The information they seek to introduce was obtained after the Troopers shot and killed Xzavier D. Hill. The Troopers were unaware at the time of the shooting of any of the evidence they seek to introduce. The information retrieved from the cell phones do not indicate that Xzavier D. Hill was even aware of it. The Troopers do not even contend the cell phones belonged to Xzavier D. Hill.

The information allegedly retrieved from the cell phone found in the vehicle driven by Xzavier D. Hill should further be excluded because if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. See Federal Rules of Evidence 403.

The jury would be rendering a decision based upon the speculative nature of the evidence found on a phone that may not have anything to do with Xzavier D. Hill.

For the reason stated above, Plaintiff respectfully requests that the Motion to Exclude the evidence retrieved from the cell phone found in the vehicle driven by Xzavier D. Hill and any evidence pertaining to the origin of the gun be granted.

                      LATOYA K. BENTON, ADMINISTRATOR
                      OF THE ESTATE OF XAZIER D. HILL,
                      DECEASED

By      /s/
  Verbena M. Askew, Esquire
  Virginia State Bar #19511
  THE VERBENA ASKEW LAW FIRM, P.C.
  2 Eaton Street, Suite 708
  Hampton, Virginia 23669
  (757) 722-4100 Telephone
  (757) 722-1801 Facsimile
  vaskewlawfirm@verizon.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert B. McEntee, III, Assistant
Attorney General
**Office of the Attorney General**
202 North 9th Street
Richmond, VA 23219
(804) 786-8198
(804) 371-2087 Fax
rmcenteeiii@oag.state.va.us

Calvin Cameron Brown, Assistant
Attorney General
Office of Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-8198 Telephone
(804) 371-2087 Fax
cbrown@oag.state.va.us

                                                   /s/
                                   Verbena M. Askew, Esquire
                                   Virginia State Bar #19511
                                   THE VERBENA ASKEW LAW FIRM, P.C.
                                   2 Eaton Street, Suite 708
                                   Hampton, Virginia 23669
                                   (757) 722-4100 Telephone
                                   (757) 722-1801 Facsimile
                                   vaskewlawfirm@verizon.net