IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LATOYA K. BENTON,  :
ADMINISTRATOR OF  :
THE ESTATE OF XZAVIER D. HILL,  :
DECEASED,  :
 :
      Plaintiff,  :
v.  :    CIVIL ACTION NO.: 3:22-cv-225-HEH
 :
SETH W. LAYTON, *et al.*  :
 :
      Defendants.  :

### STIPULATED PROTECTIVE ORDER

By agreement of counsel for good cause shown, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c)(7).

IT IS ORDERED THAT:

(1)    Information designated "Confidential" under this Order, to the extent that it is disclosed, given or produced by any party and/or third party during the pendency of this action, shall be used solely for the preparation for and use in this litigation and shall not be used or disclosed by any person receiving this information for any other purpose whatsoever.

(2)    The parties may designate as "Confidential" the following types of documents and information as produced by any party; or by a third party pursuant to subpoena:

    (a)    all personnel information from the Virginia Department of State Police (including, but not limited to, disciplinary files and records);

    (b)    all policies, procedures, training materials, guidance, or Orders of the Virginia Department of State Police that may have an impact on security and/or safety issues;

    (c)    Social Security numbers;

    (d)    all medical records and medical invoices; and

    (e)    all documents related to the criminal investigation which is the subject of

this lawsuit.

(4) Parties must maintain the confidentiality of any confidential documents subject to this Order. Parties will do this by:

(a) Restricting access to confidential documents to the parties, and any of the parties' experts and fact witnesses on a good faith, as-needed basis; and

(b) Causing all persons identified above who may receive or have access to any Confidential items to agree to be bound by the terms of this Order and to be subject to the jurisdiction of this Court and possible discipline of this Court, including punishment for contempt of Court for any violation of this Order.

(5) If Confidential information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

(6) Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential as appropriate. At such time, arrangements shall be made for the return to the producing party or non-party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously-produced copies of such documents that were inadvertently misdesignated shall be destroyed by the receiving party or parties upon receipt of replacement copies of such documents with the proper designation.

(7) Inadvertent production of any document in this litigation in response to discovery requests, subpoenas, or any agreement by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a) A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within five (5) business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the

3

issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this paragraph.

(b)     No party may assert as a ground for challenging privilege the mere fact of the inadvertent production in this litigation. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

(c)     If the recall of a document involves redaction of the inadvertently produced document, the redacted version of the document shall be provided within ten (10) business days together with a privilege log that includes the information required by Local Civil Rule 26.2 and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

(d)     If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the producing party's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the

circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary. Nothing in this shall prohibit the ability of examining counsel to *voir dire* a deponent about the matters set forth in Local Civil Rule 26.2 concerning the document.

(e)     If a party's expert report or expert testimony relies on a document which another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

(8) At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified who have access to the appropriate category of information, leave the deposition room during the Confidential portion of the deposition.

(9) Any deposition testimony concerning a Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential on the deposition transcript or videotape.

(10) On final determination of this action, and within thirty days of request by the other party, the parties must destroy all documents designated as Confidential by the other side and all copies of such documents; provided that documents listed as trial exhibits or used as deposition exhibits may be retained by counsel. If requested, the parties will identify by Bates number documents they deem Confidential.

(11) This order does not control the presentation or admission of any exhibits at trial, which will be determined by the trial Judge.

(12) If any party disagrees with the designation by the producing party or non-party of any material as Confidential information, then the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential within the definition(s) of those term(s) set forth above.

Entered
Jan. 31, 2023

/s/
_____
Henry E. Hudson
Senior United States District Judge

Respectfully submitted,

___/s/___Robert B. McEntee, III___
Robert B. McEntee, III, VSB No. 89390
Calvin C. Brown, VSB No. 93192
Assistant Attorneys General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
(804) 786-8198 (telephone)
(804) 371-2087 (facsimile)
rmcenteeiii@oag.state.va.us
cbrown@oag.state.va.us
*Counsel for Defendants*

_____
Verbena M. Askew, VSB # 19511
THE VERBENA ASKEW LAW FIRM, P.C.
2 Eaton Street, Suite 708
Hampton, Virginia 23669
(757) 722-4100 (Telephone)
(757) 722-1801 (Facsimile)
vaskewlawfirm@verizon.net
*Counsel for Plaintiff*

7