VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE

**CHANTEL LYNETTE SIVELLS,**

        Plaintiff,

v.                                    Case No. CL2202922-00

**JAVAID A. PERWAIZ, M.D.**
SERVE: C/O Steven Ciccone
        Agent and POA
        5101 Castle Way,
        Portsmouth, Virginia 23703

**JAVAID A. PERWAIZ, M.D. P.C.**
SERVE: Thomas S. Carnes
        3330 Pacific Ave.
        Ste. 303A
        Virginia Beach, Virginia 23451

        **Defendants.**

PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT

COMES NOW the Plaintiff, Chantel Lynette Sivells individually by counsel, hereby files this Complaint against Defendants Javaid A. Perwaiz, M.D., and Javaid A. Perwaiz, M.D., P.C., and moves this Court for judgment for Medical Malpractice and and in support of this Complaint states as follows:

### NATURE OF CASE

1.     This case involves Medical Malpractice by Defendants, Javaid A. Perwaiz, M.D., and Javaid A. Perwaiz, M.D., P.C. pursuant to a duty owed

because of doctor patient relationship between them and Chantel Lynette Sivells, the patient.

2. Defendant Javaid A. Perwaiz, M.D. as a doctor and on behalf of Javaid a. Perwaiz, M.D. P.C. performed intentional unnecessary procedures without the knowledge of Chantel Lynette Sivells.

3. Dr. Perwaiz intentionally altered documents purporting to give consent to perform procedures that were both unnecessary and without the knowledge of Chantel Lynette Sivells.

4. Dr. Perwaiz was motivated by greed and calculated indifference to human life in performing unnecessary procedures on Chantel Lynette Sivells.

5. Dr. Perwaiz was an employee, agent and acted on behalf of Javaid A. Perwaiz, M.D., P.C.

6. Javaid A. Perwaiz, M.D., P.C. benefited financially as did Dr. Perwaiz from the unlawful and negligent acts of Dr. Perwaiz.

## PARTIES

7. Plaintiff, Chantel Lynette Sivells, hereinafter referred to as ("Plaintiff or Chantel ") is a resident in the City of Portsmouth, Commonwealth of Virginia.

8. Defendant Javaid A. Perwaiz, M.D., hereinafter referred to as ("Defendant or Dr. Perwaiz"), now and at the time of the events described herein, was a physician, who at the time of the relevant events resided in Chesapeake, Commonwealth of Virginia and engaged in the practice of Obstetrics and Gynecology in and about the Hampton Roads area. His principal office was located at 3003 Churchland Boulevard in Chesapeake, Virginia.

9. Dr. Perwaiz, upon information and belief is serving 59 years in the Federal Penitentiary for committing Health Care Fraud in violation of 18 U.S.C. Sec. 1347 and False Statements Relating to Healthcare Matters in violation of 18 U.S.C. Sec. 1305.

10. Javaid A. Perwaiz, M.D.,P.C., ("Perwaiz, P.C.") is a Virginia stock corporation engaged in the healing arts located at all relevant times, was located in Chesapeake, Virginia. It was at all relevant times, owned and operated by Perwaiz at two different locations in Chesapeake, Virginia, with its principal office located at 3003 Churchland Boulevard in Chesapeake, Virginia.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this dispute as the events complained of herein occurred in the Commonwealth of Virginia and in the City of Chesapeake.

12. Venue is properly set in this matter pursuant to Va. Code Sections 8.01-262(3) & (4) 8.01-263.

## CRIMINAL HISTORY OF JAVAID PERWAIZ

13. According to court records and evidence presented at trial and at sentencing, Javaid Perwaiz, a 71 years old, an obstetrician-gynecologist (OB/GYN) who practiced in Hampton Roads since the 1980s, executed a scheme to defraud health insurance programs between 2010 and 2019.

14. "Motivated by his insatiable and reprehensible greed, Perwaiz used an arsenal of horrifying tactics to manipulate and deceive patients into undergoing invasive, unnecessary, and devastating medical procedures," said Raj Parekh, Acting U.S. Attorney for the Eastern District of Virginia.

3

15. "These fraudulent and destructive surgeries caused irreversible damage to the victims."

16. In many instances, Dr. Perwaiz shateered their ability to have children by using fear to remove organs from their bodies that he had no right to take.

17. Dr. Perwaiz, not only defrauded the healthcare system out of millions of dollars, he did so by performing unnecessary surgeries on women and putting their health and safety at risk," said Mark R. Herring, Attorney General of Virginia.

18. The witnesses at trial included more than 25 former patients, some of whom testified to the complications they continue to endure as a result of the unnecessary surgeries Perwaiz performed.

19. On November 9, 2020, a federal jury convicted Dr. Perwaiz of 52 counts of health care fraud and false statements.

20. Dr. Perwaiz was responsible for $20.8 million worth of false and fraudulent billings for both himself and the hospitals where he performed the surgeries.

## FACTS

21. Chantel first saw Dr. Perwaiz for an annual pap smear examination on September 19, 2017.

23. On that visit, Dr. Perwaiz advised Chantel during the pelvic examination that he felt something inside her vigina and advised her she needed to return for an ultrasound.

24. After the ultrasound was performed, Dr. Perwaiz advised Chantel she had a cyst and that surgery would be necessary to remove it.

25. Dr. Perwaiz did not advise her about any fibroids being present.

4

26. Chantel never complained about any pain or any other issues.

27. Dr. Perwaiz falsified medical records to indicate otherwise.

28. On July 25, 2019, Chantel returned to Dr. Perwaiz for a followup examination at which time he scheduled an ultrasound for August 15, 2019.

29. After the results of the ultrasound, Dr. Perwaiz advised Chantel that she needed surgery because she had a polyp and fibroids and that she no longer had a cyst.

30. Chantel did not have any pain or cramps, though Dr. Perwaiz placed them in his notes.

31. Dr. Perwaiz advised Plaintiff that she must have the polyp removed immediately because further complications would develop and advised her that infertility would be the result after removing the polyp.

32. Dr. Perwaiz also indicated she had fibroids and he would remove them during the surgery.

33. On October 14, 2019, documentation provided to Chesapeake Regional Medical Center did not indicate a polyp was present, but only symptomatic uterine fibroids.

34. Dr. Perwaiz performed surgery on Plaintiff on October 19, 2019.

35. Dr. Perwaiz performed a Laparotomy.

36. Chantel did not give consent to perform a Laparotomy.

37. At a followup appoint with Dr. Perwaiz, Chantel complained of cramping, burning, throbbing and sharp pains she was experiencing in her pelvic and groin area.

38. Dr. Perwaiz told Plaintiff it was normal.

39. Dr. Perwaiz was arrested within two weeks after Chantel's surgery.

40. The Federal Bureau of Investigations held Chantel's medical records until December of 2019.

41. After receiving some medical records from the FBI, Plaintiff learned that Dr. Perwaiz altered her medical records to reflect that she had consented to the Laparotomy procedure.

42. The Laparotomy procedure was not on the consent form Plaintiff signed.

43. Plaintiff consented to the Myomectomy and Polypectomy procedure only.

44. On October 14, 2019, Perwaiz submitted to Chesapeake Regional Medical Center Chantel's pre-admission history and physical indicating the only impressions were: Symptomatic uterine fibroids.

45. Chesapeake Regional Medical Center "Preoperative diagnosis" after the surgery listed only "Symptomatic urine fibroids."

46. Laparotomy was added by Dr. Perwaiz on the consent formed after Plaintiff had signed it.

47. Dr. Perwaiz's office notes indicated the only procedures discussed with Plaintiff were Myomectomy and Polypectomy.

48. Multiple documents provided by Dr. Perwaiz to Chesapeake Regional Medical Center indicated there were no polyps present just fibroids.

49. Chantel was denied the right to decide if she wanted to proceed with having a Laparotomy.

50. Dr. Perwaiz and Chesapeake Regional Medical Center were paid for unnecessary procedures.

51. The fibroids that Dr. Perwaiz removed were small and did not require surgery as he performed.

52. Due to the failures of Dr. Perwaiz and Perwaiz P.C., Chantel has suffered pain, anxiety, and emotional distress.

53. Chantel was inappropriately informed that she had polyps and cyst that would cause further problems, with absolutely no evidence that any problems ever existed.

54. Chantel underwent unnecessary laboratory testing, pelvic ultrasounds, and an unnecessary surgery that would not assist in establishing a clinical diagnosis but would put her at risk for surgical and anesthetic complications.

55. Rather than offer appropriate non-surgical remedies for Chantel's fibroids, Dr. Perwaiz negligently, carelessly, recklessly, and in breach of the standard of care performed unnecessary surgery for his personal financial gain.

56. The surgery was not only unnecessary, it was without Chantel's consent.

## COUNT I - NEGLIGENCE
### (Dr. Perwaiz)

57. The foregoing paragraphs are re-alleged and incorporated herein by reference.

58. At all times relevant to this Complaint, Dr. Perwaiz was a physician duly licensed to practice medicine in the Commonwealth of Virginia. As such, he owed a duty to possess, apply, and use the skill and care of a reasonable and well-qualified physician in the care and treatment of patients coming under his care.

59. Dr. Perwaiz owed a duty to exercise reasonable skill and care in his treatment of Chantel.

60. Dr. Perwaiz breached that duty of care in the treatment of Chantel through negligent acts and omissions including, but not limited to:

A. Failure to properly obtain an accurate and thorough menstrual history from Chantel.

B. Failure to correctly diagnose Chantel's actual medical condition;

C. Negligently, carelessly, and recklessly informing Chantel that she had a cyst;

D. Negligently, carelessly, and recklessly performing a Laparotomy, which was unnecessary;

E. Negligently, carelessly, and recklessly failing to employ a proper medical regimen to treat Chantel's symptoms and instead rushing into a surgical procedure that would not result in any meaningful improvement in Chantel's condition;

F. Failure to offer Chantel any suitable therapeutic medical interventions before and after surgery;

G. Failing to address potential changes in Chantel's lifestyle that could have improved her symptoms;

H. Intentional actions by falsifying a medical diagnosis to perform an unnecessary surgery by Dr. Perwaiz;

I. Negligently failing to provide any followup treatment for Chantel's complaints of cramping, burning, throbbing and sharp pains she experienced in her pelvic and groin area after the unnecessary surgery.

J. Any other such negligence as may be revealed through discovery and trial in this matter.

61. As a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of Dr. Perwaiz, Chantel sustained the injuries enumerated above and which resulted in the damages claimed herein, including pain and suffering, inconvenience and humiliation, bodily injury, mental distress and emotional anguish, loss of enjoyment of life and activities of daily living, medical bills and expenses, enduring unnecessary and risky surgery, and such other general and special damages as will be shown at trial.

## COUNT II-NEGLIGENCE RESPONDEAT SUPERIOR
### (Perwaiz, P.C.)

62. The foregoing paragraphs are re-alleged and incorporated herein by reference.

63. Upon information and belief, at all times relevant to this Complaint, Perwaiz, P.C. acted by and through its agents, Dr. Perwaiz and others, who were acting within the scope of their employment and/or agency with the Perwaiz, P.C.

64. Perwaiz, P.C., through its agents, servants, and employees, including but not limited to Dr. Perwaiz, was negligent in the care and treatment rendered to Chantel because Perwaiz failed to render such treatment with the degree of care, skill and attention required by law.

65. The acts and omissions of Dr. Perwaiz, are imputed to the Perwaiz, P.C. as a matter of law.

66. As a direct and proximate result of the negligent and wrongful acts and omissions specified herein, Chantel sustained the injuries enumerated above which resulted in the damages claimed herein, including pain and suffering, inconvenience and humiliation, bodily injury, mental distress and

emotional anguish, loss of enjoyment of life and activities of daily living, medical bills and expenses, enduring unnecessary and risky surgery, and such other general and special damages as will be shown at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in the amount of SIX MILLION DOLLARS ($6,000,000.00) plus interest at the statutory rate from the date of filing, and the costs herein incurred, and such other and further relief as the Court may deem just and proper.

Additionally, Plaintiff prays for judgment against Defendants jointly and severally, for punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted

CHANTEL SIVELLS


By:_____
Of Counsel

Verbena M. Askew, Esquire (VSB# 19511)
THE VERBENA ASKEW LAW FIRM, P.C.
2 Eaton Street, Suite 708
Hampton, Virginia 23669
Telephone: 757.722.4100
Facsimile: 757.722.1801
Direct: 757.692.8516
Email: vaskewlawfirm@verizon.net

Brenda L. Page. Esquire  (VSB# 22091)
Alan F. Duckworth, Esquire (VSB# 39714)
Page Law Firm, P.C.
Page-Smith Building
2913 Park Avenue
Richmond, Virginia 23221
Telephone: 804.353.6166
Facsimile:  804.353.3041

Email: BPage@PageLawPC.com
ADuckworth@PageLawPC.com

## NOTICE TO DEFENDANT

Proceedings are pending in the Circuit Court for the City of Chesapeake, Virginia, and upon the expiration of ten (10) days after giving of this notice and the expiration of the statutory period within which you may respond, in the event you do not respond, without further notice, the entry of judgment by default as prayed for in the above pleading may be requested by the Plaintiff.